UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY G. HAMPTON,<br><br>    Plaintiff,<br><br>    v.<br><br>ALKIRE, et al.,<br><br>    Defendants. | No. 2: 19-cv-1660 KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On September 3, 2019, the undersigned issued an order screening plaintiff's complaint filed August 21, 2019, pursuant to the mailbox rule. (ECF No. 6.) The undersigned found that plaintiff stated potentially colorable claims for relief against defendants Alkire and Hicks for jeopardizing plaintiff's safety by falsifying documents. The undersigned dismissed the two remaining claims against defendants Alkire and Hicks with leave to amend.

On September 18, 2019, plaintiff filed a letter with the court alleging that ever since he filed this lawsuit against defendant Alkire, he has received unfair punishment, placed in unsafe housing situations and been assaulted. (ECF No. 12.) Plaintiff allege that he is scared for his life to leave his cell. (Id.)

In the September 18, 2019 letter, plaintiff alleges that he has been found guilty of three rules violation reports despite a lack of evidence. Plaintiff also alleges that in less than thirty

1

days, he has been forced to live with three different inmates who threatened plaintiff's life because plaintiff was found guilty of a sex offense. Plaintiff identifies these inmates by name. Plaintiff alleges that he advised officers before moving in with these inmates that he feared for his safety. Plaintiff was told that if he refused the move, he would receive a rules violation report.

Plaintiff alleges that on September 13, 2019, in front of the A-Yard captain's hallway, an inmate began yelling confidential information, apparently about plaintiff, at plaintiff. Plaintiff alleges that only High Desert State Prison ("HDSP") officers should have known the confidential information the inmate yelled at plaintiff. Plaintiff alleges that this inmate then headbutted plaintiff, spit in plaintiff's face and assaulted plaintiff with both hands. The inmate told plaintiff, "This is what happens when you fuck with the wrong people!" Plaintiff alleges that a HDSP Correctional Officer watched the inmate assault plaintiff and did not hit his alarm.

Plaintiff alleges that he reported the assault to the Building 3 Floor Officer, Correctional Officer Barrier, who called it in. Plaintiff was ordered to report to the A-yard program office. Before plaintiff reached the program office, the officer who allegedly watched the assault stopped plaintiff and "made it very clear" that if plaintiff snitched, the next time it would be worse. Plaintiff alleges that out of fear, plaintiff denied everything when he was questioned about the assault. Plaintiff alleges that he should not have had to snitch because the whole incident was caught on AVSS camera footage. Plaintiff alleges that the inmate who assaulted him was not charged with a rules violation.

No defendants have been served in this action. Nonetheless, where circumstances warrant, the court does have some authority to intervene regarding conduct unrelated to the complaint under The All Writs Act. That Act gives federal courts the authority to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. 1651(a). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons who, "though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice." United States v. N.Y. Tel. Co., 434 U.S. 159 (1977). To obtain an order under the All Writs Act, the requested order must be "necessary."

This language requires that the relief requested is not available through some alternative means. Clinton v. Goldsmith, 526 U.S. 529 (1999).

Plaintiff's complaints regarding being wrongly found guilty of rules violations may be addressed through alternative means, such as the prison grievance process. However, for the reasons stated herein, the HDSP Warden is ordered to respond to plaintiff's allegations regarding his personal safety made in his September 18, 2019 letter.

Plaintiff alleges that prison officials housed him with inmates who threatened his safety and allowed an inmate to assault him in retaliation for filing this action. Plaintiff's claims that prison officials were motivated by retaliation are not well supported. However, the undersigned is concerned that the court will lose jurisdiction of this action if plaintiff is housed in conditions where his safety is jeopardized based on improper housing assignments and assaults by other inmates, as alleged in the September 19, 2019 letter. Accordingly, the HDSP Warden is ordered to file a response to these claims within twenty-one days of the date of this order. The HDSP Warden is directed to specifically address whether plaintiff's alleged September 13, 2019 assault was recorded by an AVSS camera and also whether this footage included a correctional officer watching the alleged assault.

Accordingly, IT IS HEREBY ORDERED that:

1. Within twenty-one days of the date of this order, the HDSP Warden shall file a response to plaintiff's September 18, 2019 letter, as discussed above;

2. The Clerk of the Court is directed to serve a copy of this order and plaintiff's September 18, 2019 letter on Supervising Deputy Attorney General Monica Anderson and the HDSP Warden, High Desert State Prison, P.O. Box 3030, Susanville, CA, 96127-3030.

Dated: September 23, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Hamp1660.ord