UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY C. HAMPTON,<br><br>        Plaintiff,<br><br>    v.<br><br>ALKIRE, et al.,<br><br>        Defendants. | No. 2: 19-cv-1660 WBS KJN P<br><br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On February 27, 2020, plaintiff filed a motion for voluntary dismissal of this action. (ECF No. 52.) On March 5, 2020, the undersigned granted defendants seven days to notify the court if they had any objections to dismissal of this action. (ECF No. 53.) On March 9, 2020, defendants filed objections. (ECF No. 54.)

For the reasons stated herein, the undersigned finds that the order directing defendants to respond to plaintiff's motion to dismiss was issued in error. This action is dismissed for the reasons stated herein.

Under Rule 41 of the Federal Rules of Civil Procedure, "the plaintiff may dismiss an action without a court order by filing ... a notice of dismissal before the opposing party serves

////

////

1

either an answer or a motion for summary judgment...." Fed. R. Civ. P. 41(a)(1)(A)(i). The Ninth Circuit has been clear that Rule 41 confers on the plaintiff

> an absolute right to voluntarily dismiss his [or her] action prior to service by the defendant of an answer or a motion for summary judgment. A plaintiff may dismiss his [or her] action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required....The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice....Such a dismissal leaves the parties as though no action had been brought.

American Soccer Co., Inc. v. Score First Enterprises, 187 F.3d 1108, 1110 (9th Cir. 1999) (quoting Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997)).

"Further, because the language of Rule 41(a)(1)(A)(i) is unequivocal, the '"absolute right" for a plaintiff voluntarily to dismiss an action when the defendant has not yet served an answer or a summary judgment motion leaves no role for the court to play.'" Pate v. Cheng, 2015 WL 795061, at *1 (D. Ariz. Feb. 25, 2015) (quoting American Soccer Co., Inc., 187 F.3d at 1110.)

In the instant case, defendants filed neither an answer nor a summary judgment motion.[1] Therefore, the undersigned herein directs the Clerk of the Court to terminate this action.

Accordingly, IT IS HEREBY ORDERED that this action is dismissed.

Dated: March 31, 2020

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Hamp1660.dis

---

[1] On February 27, 2020, defendants filed a motion to dismiss for failure to exhaust administrative remedies pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 51.) "If defendants 'desire to prevent plaintiffs from invoking their unfettered right to dismiss actions under rule 41(1)(a) [they] may do so by taking the simple step of filing an answer.'" American Soccer Co., Inc., 187 F.3d at 1112 (quoting Carter v. United States, 547 F.2d 258, 259 (5th Cir. 1977)).